A CERTIFIED TRUE COPY

DEC 2 8 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 8 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1798*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION

*Oscar Gurrola, et al. v. United States of America, et al.*, C.D. California, C.A. No. 2:06-3425
*Virginia Sloan, et al. v. United States of America*, D. District of Columbia, C.A. No. 1:06-483
*Neiland Cohen v. United States of America*, E.D. Wisconsin, C.A. No. 2:05-1237
*Radioshack Corp. v. United States of America*, Fed. Cl., C.A. No. 1:06-28

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL[**]

### TRANSFER ORDER

This litigation currently consists of three district court actions pending in the Central District of California, the District of District of Columbia, and the Eastern District of Wisconsin, and one action pending in the Court of Federal Claims. Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of Wisconsin action has submitted a motion seeking centralization of these four actions in the Eastern District of Wisconsin for coordinated or consolidated pretrial proceedings.[1] Plaintiffs in the Central District of California action support centralization, but in the District of District of Columbia or, alternatively, the Central District of California. Opposed to centralization are plaintiffs in the District of District of Columbia and Court of Federal Claims actions, the United States, which is the sole defendant in three of the four actions and a co-defendant in the fourth, and various telecommunication companies that are sued only in the Central District of California action. In the event the Panel orders transfer over their objections, then plaintiffs in the District of District of

---

[*] Judge Motz took no part in the disposition of this matter.

[**] In light of the fact that Judges Hodges, Jensen, Miller, Vratil, Hansen, and Scirica could be members of the putative class(es) in this litigation, each of them has filed with the Clerk of the Panel a formal renunciation of any claim that he or she might have as a putative class member, thereby removing any basis for disqualification on that ground. Alternatively, to the extent that their disqualifications should be determined for any reason to survive the renunciations, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] The Section 1407 motion, as originally filed, also pertained to a second Court of Federal Claims action, *Rosenberg v. United States*, C.A. No. 1:05-1272. Because that action was ordered dismissed without prejudice on August 3, 2006, the issue of its transfer is moot.

- 2 -

Columbia action support selection of that district as transferee district; and the responding telecommunication company defendants request that the claim against them in the Central District of California action be severed and simultaneously remanded under Section 1407 to that district.

On the basis of the papers filed and hearing session held, the Panel finds that the three district court actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In each of the three district court actions now before the Panel, plaintiffs seek, on behalf of a putative nationwide class, reimbursement of the communications excise tax on long-distance telephone service, where the charge for such service was not based on the distance of the telephone call. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary. The Panel is persuaded, however, that the single California state law claim brought against the telecommunication provider defendants in the Central District of California action is unique and therefore should not be included in the MDL-1798 proceedings at the present time.

The Panel has never reached the issue of whether Section 1407 authorizes transfer of a Court of Federal Claims action, and the Panel sees no need to resolve that issue here. As the moving plaintiff himself points out, prior experience suggests that voluntary cooperation between the Court of Federal Claims and the transferee court on matters of overlapping concern will result in a prompt and efficient disposition of the entire litigation without transfer of the Court of Federal Claims action. *See In re Western Electric Co., Inc. Semiconductor Patent Litigation*, 415 F.Supp. 378, 380 (J.P.M.L. 1976). We leave the degree and manner of such cooperation to the joint discretion of the respective judges. *See id.*

We conclude that the District of District of Columbia is an appropriate transferee forum in this docket for the following reasons: i) most, if not all, discovery will likely come from the federal Government and documents and witnesses are likely to be in or near the District of Columbia; ii) this vicinity provides an easily accessible location (and, in fact, is favored by the most geographically distant parties – plaintiffs in the Central District of California action); and iii) to the extent that the transferee judge and the Court of Federal Claims judge consider it desirable to coordinate discovery and other pretrial proceedings, such coordination is likely easier if all actions are in the District of Columbia.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions in this litigation pending in the Central District of California and the Eastern District of Wisconsin are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Ricardo M. Urbina for coordinated or consolidated pretrial proceedings with the action pending in that district.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407(a), the claim against the telecommunication defendants in the Central District of California action, alleging a violation of

- 3 -

California Business & Professions Code § 17200 *et seq.*, is simultaneously separated and remanded to that district.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, transfer is denied with respect to the action pending in the Court of Federal Claims.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman