IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL No. 1798<br><br>Judge Ricardo M. Urbina<br><br>Docket No. 1:07-mc-00014-RMU |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs file this Notice of Supplemental Authority in order to bring to the Court's attention *Clintwood Elkhorn Mining Co., et al. v. United States*, Docket No. 04-5155 (Fed.Cir. 2007), a decision issued by the United States Court of Appeals for the Federal Circuit on January 22, 2007. (Attached as Exhibit 1). The *Clintwood* decision addresses several subjects that are directly pertinent to the instant litigation, including jurisdiction under the Tucker Act for the recovery of wrongfully levied taxes, the appropriate limitations period for the levy of an unconstitutional tax, and the availability of interest for the overpayment of any tax.

Specifically, *Clintwood* holds – as Plaintiffs have asserted since the inception of this case – that the Tucker Act is an appropriate jurisdictional statute for a refund of taxes levied in violation of the Constitution, the refund of such taxes cannot be arbitrarily limited by the Government to certain abbreviated time periods, and interest must be awarded for the full refund due.

/

/

/

/

DATED: January 23, 2007.

CUNEO GILBERT & LADUCA, LLP

By: /s/ Jonathan W. Cuneo
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
Robert J. Cynkar, Esq. (DC Bar# 957845)
William Anderson, Esq. (admitted 1/8/07;
DC Bar # Pending)
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

R. Montgomery Donaldson
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman (DC Bar# 375595)
Victoria S. Nugent (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD &
TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales (DC Bar# 417440)
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of January, 2007, a copy of the foregoing Notice of Supplemental Authority was served through the Court's CM/ECF system on all counsel registered with that system, and on the following counsel by U.S. Mail, First Class, postage prepaid:

Randy Hart, Esquire
200 Public Square
Suite 3300
Cleveland, OH 44113

R. Gaylord Smith, Esquire
Lewis Brisbois Bisgaard & Smith
550 West C Street, Suite 800
San Diego, CA 92101

Eric Kennedy, Esquire
Weisman, Kennedy & Berris Co., L.P.A.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

Mark Griffin, Esquire
Law Offices of Mark Griffin
175 Honeybelle Oval
Orange, OH 44022

Richard F. Scruggs, Esquire
Scruggs Law Firm
120A Courthouse Square
P.O. Box 1136
Oxford, MS 38655

Michael D. Leffel, Esquire
Foley & Lardner LLP
Verex Plaza
150 E Gilman Street
P.O. Box 1497
Madison, WI 53701

Michael Bowen, Esquire
Foley & Lardner, LLP
777 E Wisconsin Avenue
Milwaukee, WI 53202

Issac J. Morris, Esquire
Foley & Lardner LLP
777 E Wisconsin Avenue
Milwaukee, WI 53202

_____
JONATHAN W. CUNEO

# EXHIBIT 1

# United States Court of Appeals for the Federal Circuit

04-5155, -5156

CLINTWOOD ELKHORN MINING COMPANY,
GATLIFF COAL COMPANY, and PREMIER ELKHORN COAL COMPANY,

                      Plaintiffs-Appellants,

v.

UNITED STATES,

                      Defendant-Cross-Appellant.

    Paul H. Horowitz, Coudert Brothers LLP, of New York, New York, argued for plaintiffs-appellants. With him on the brief were Steven H. Becker, and Suzanne I. Offerman.

    Gilbert S. Rothenberg, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-cross appellant. With him on the brief were Eileen J. O'Connor, Assistant Attorney General; Richard T. Morrison, Deputy Assistant Attorney General; Kenneth L. Greene, Attorney; and Steven W. Parks, Attorneys.

Appealed from:   United States Court of Federal Claims

Senior Judge Robert H. Hodges, Jr.

# United States Court of Appeals for the Federal Circuit

04-5155, -5156

CLINTWOOD ELKHORN MINING COMPANY,
GATLIFF COAL COMPANY, and PREMIER ELKHORN COAL COMPANY,

                Plaintiffs-Appellants,

v.

UNITED STATES,

                Defendant-Cross-Appellant.

---

DECIDED: January 22, 2007

---

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

NEWMAN, Circuit Judge.

  Clintwood Elkhorn Mining Co., Gatliff Coal Co., and Premier Elkhorn Coal Co. (collectively "Clintwood") appeal the decision of the United States Court of Federal Claims[1] denying interest on the repayment of the export taxes they had paid in an unconstitutional levy. In view of statutory provisions of the tax laws as well as general damages principles,

---

  1  Sub nom. Andalex Resources, Inc. v. United States, No. 00-cv-249 (Fed. Cl. July 21, 2004).

we conclude that the Court of Federal Claims erred in holding that no interest was payable on recovery of the illegally levied taxes.

The United States cross appeals, asking this court to reconsider and overturn our decision in Cyprus Amax Coal Co. v. United States, 205 F.3d 1369 (Fed. Cir. 2000), which recognized the Tucker Act jurisdiction of the Court of Federal Claims for claims directed to recovery of payment of the unconstitutional export tax. We confirm the jurisdiction of the Court of Federal Claims.

BACKGROUND

By statute, 26 U.S.C. §4121(a)(2), effective 1978, tax was levied, *inter alia,* on exports of coal from United States mines. In Ranger Fuel Corp. v. United States, 33 F. Supp. 2d 466 (E.D. Va. 1998) this export tax was held to be unconstitutional. The United States did not appeal the Ranger Fuel decision, and the Internal Revenue Service issued a notice of acquiescence in May 2000. Thereafter various coal producers and exporters, including the plaintiffs herein, filed Tucker Act claims requesting damages in the amount of the export tax and interest. Recovery was sought for the prior six years, which is the statutory period of limitations for Tucker Act claims. In the Court of Federal Claims the government challenged recovery beyond three years, and also challenged the claim for interest on the recovered tax payments.

I

In Cyprus Amax this court held that compensation for violation of the Export Clause is not limited to the administrative processes of the Internal Revenue Service, and that the taxpayer can sue in the Court of Federal Claims and "recover for payment of taxes under the Export Clause independent of the tax refund statute," *i.e.,* without first filing an

administrative refund claim with the IRS. 205 F.3d at 1374. The government asks for *en banc* reversal of Cyprus Amax, and urges that suit cannot be brought under the Tucker Act for refund of taxes levied in violation of the Constitution. This question was fully aired at the time of Cyprus Amax, was decided by a unanimous panel, was denied rehearing and rehearing *en banc*, and the government's petition for writ of certiorari was denied. We discern no basis for reopening this question.

The Court of Federal Claims, applying Cyprus Amax, held that there was Tucker Act jurisdiction of Clintwood's refund claims. We confirm that jurisdictional ruling.

II

A consequence of Tucker Act jurisdiction is that the statute of limitations is six years, 28 U.S.C. §2501, whereas refund claims brought administratively to the Internal Revenue Service are limited to recovery of overpayments for the preceding three years. See 26 U.S.C. §6511(a). Clintwood filed Tucker Act claims for the three tax years 1994 through 1996 and administrative claims for the tax years 1997 through 1999. The Court of Federal Claims acknowledged that, in view of Cyprus Amax, Clintwood could either proceed in court under the Tucker Act, or seek an administrative tax refund under the Tax Code. Andalex Resources Inc. v. United States, 54 Fed. Cl. 563 (2002). Entitlement to recovery of the export taxes paid is not at issue, and the parties have agreed as to the amount of taxes paid during 1994-1999.

However, the Court of Federal Claims held that Clintwood is not entitled to interest on the recovered export taxes for the earliest three of the six years, that is, for 1994 through 1996. The court held that since Clintwood had not filed an administrative claim for refund for those years, then interest cannot be recovered on the refund for those years.

The government does not dispute entitlement to interest for the refund for 1997 through 1999, because an administrative claim was filed for those years.

> Interest on overpayment of any internal revenue tax is provided by statute:
>
> 28 U.S.C. §2411. In any judgment of any court rendered (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the overpayment rate established under section 6621 of the Internal Revenue Code of 1986 upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue.

The Court of Federal Claims concluded that §2411 does not apply to the three years in which the administrative steps for refund under the Tax Code were not taken. The government argued, and the court agreed, that administrative refund requests under 26 U.S.C. §6511 cannot be bypassed by judicial action, and that since recovery is limited to the prior three years under §6511, interest for six years cannot be paid when the refund is obtained under the Tucker Act. Andalex Resources, 54 Fed. Cl. at 565 ("Plaintiffs have chosen to pursue their claims independently of the tax refund system, so they may not use the § 2411 waiver of sovereign immunity for interest payments.") Thus the court denied interest for the three earliest tax years, for Clintwood did not follow the IRS administrative procedure for those years. The court relied on Economy Plumbing & Heating Co. v. United States, 470 F.2d 585, 592 (Ct. Cl. 1972), for the statement that 28 U.S.C. §2411 applies "only to taxpayers who have overpaid their taxes, have filed a timely claim for refund, and are within the administrative system providing for the recovery of overpaid taxes and are entitled to its benefits." However, Economy Plumbing was not a tax refund case, and the quoted statement was made only to explain that §2411 did not apply to a contract dispute

where the contractor sought interest on a contract adjustment it had received from the government. Economy Plumbing cannot be extended to the present case.

No precedent has been cited or found to the effect that interest is barred on Tucker Act recovery except for the period during which the plaintiff could have obtained interest through an administrative procedure. Such a convoluted threshold is not imposed by §2411, which is a straightforward recognition that the government should pay for its use of a taxpayer's money to which the government was not entitled.

The legislative history of §2411 is directly relevant to this conclusion. In 1924 Congress repealed the requirement that a refund claim must be filed as a precondition to receiving interest under the predecessor of 26 U.S.C. §2411. The House Report explained that

> if the amounts in question were not legally owing to the Government, it is equitable that the Government should pay a reasonable rate of interest during the period of their retention; and the fact of protest or a claim does not affect the merits of such an interest payment.

H.Rep. No. 68-179, at 35 (1924). The Report explained that a tax overpayment is not fully remedied unless it includes interest for the time that the money was in the hands of the government. Id. There is no basis now to narrow the principle of §2411 through reimposing this long-dead administrative requirement.

The threshold requirement under §2411 is a judgment for the overpayment. Section 2411 provides for interest on "any judgment of any court" for "any overpayment in respect to any internal-revenue tax," and the term "overpayment" has been defined by the Supreme Court as including a tax "erroneously or illegally assessed or collected." Jones v. Liberty Glass Co., 332 U.S. 524 (1947). In Liberty Glass the Court discussed the term

"overpayment" and saw "no basis for making it over into a word of art." 332 U.S. at 532. Neither law nor logic supports the government's position that no interest can be paid under §2411 except for the period for which interest could be paid under §6511.

The judgment of the Court of Federal Claims, denying interest on the first three years of Clintwood's Tucker Act recovery, is contrary to law and is reversed. We remand for the award of interest on the refunded export taxes for the entire period of recovery.

<u>REVERSED AND REMANDED</u>