UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | : : : : : : : | Master File: Member Cases: 06-cv-483: 07-cv-050: 07-cv-051: 06-cv-11459: | 07-mc-0014 (RMU) *Sloan et al. v. United States* *Gurrola et al. v. United States* *Cohen v. United States* *Belloni v. Verizon Commc'ns* |
| This Document Relates To: **ALL CASES** | : : : | MDL Docket No: **1798** | |

**PRACTICE AND PROCEDURE ORDER**

ESTABLISHING THE GOVERNING PRACTICE AND PROCEDURE UPON
TRANSFER PURSUANT TO 28 U.S.C. § 1407(a)

1. **SCOPE OF ORDER**

   This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of December 28, 2006 as well as all related actions originally filed in this Court or transferred or removed to this Court. These actions are listed in Schedule A attached hereto. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2. **NATURE OF CONSOLIDATION**

   The actions described in paragraph 1 of this order are consolidated for pretrial purposes.

3.  **METHOD OF FILING PLEADINGS OR PAPERS**

    All papers filed in these actions shall bear the identification "MDL Docket No. **1798**" and "07-ms-0014." When such paper relates to all of these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such paper does not relate to all of these actions, the individual docket numbers assigned by the Clerk of **this Court** (as listed in Schedule A hereto) of those actions to which the paper related shall also be listed.

    Any paper filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

4.  **ELECTRONIC CASE FILING**

    All filing and docketing will be done electronically through the CM/ECF system. The Court will use CM/ECF to correspond with counsel on case related matters. Counsel should follow the instructions and rules contained in the Court's CM/ECF Procedures Manual. The manual and updates to it are available on the court's website, available at www.dcd.uscourts.gov.

5.  **GUIDELINES FOR SUBMISSIONS**

    Submissions should be double-spaced, in 12-point Times New Roman font, with page numbers and margins of no less than 1 inch. **All citations must include exact page references (pincites)**. Memoranda of points and authorities in support of and in

opposition to motions may not exceed 45 pages, and replies may not exceed 25 pages.

6. **COURTESY COPIES**

Although the Court generally does not accept courtesy copies, the parties **must** provide the Court with a courtesy copy of a submission that:

a. is more than 15 pages;

b. includes exhibits or attachments totaling more than 5 pages;

c. relates to applications for a preliminary injunction or temporary restraining order; or

d. relates to matters set for hearing within the next 7 business days.

Before delivering the courtesy copy to chambers, parties should file the original submission and, for submissions relating to matters set for hearing, indicate the hearing date on the courtesy copy and the delivery envelope.

7. **COMMUNICATIONS WITH CHAMBERS**

Except as authorized in this order, the parties may not contact chambers by telephone. If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via conference call to avoid *ex parte* communications. Chambers will not provide legal advice of any kind.

8. **MOTIONS FOR EXTENSION OF TIME**

Because the parties should work within the time frames set by court order, the Court strongly discourages the filing of motions for extension of time. When good cause is present, however, the Court will consider motions for extension of time that:

a. **are filed at least 4 business days prior to the deadline the motion is seeking to extend**; and

b. include:

   i. the number of previous extensions of time granted;

   ii. the good cause supporting the motion;

   iii. a statement of the effect that the granting of the motion will have on existing deadlines;

   iv. for a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply; and

   v. a statement of the opposing party's position on the motion.

9. **COUNSEL APPEARANCE**

Counsel who appeared in the transferor district courts prior to the transfer need not enter a separate appearance before this Court.

10. **PANEL ATTORNEY SERVICE LIST**

Prior to the Court's designation of liaison counsel, service of all papers shall be made on each attorney listed on the Panel Attorney Service List attached hereto as Schedule B. Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney Service List.

11. **PROCEDURE UPON REMAND**

Upon remand of any of these actions, the parties will be required to provide this Court with copies of any necessary and relevant papers previously filed.

12. **WAIVER OF LOCAL COUNSEL REQUIREMENT**

No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Rule 83.2 of the Local Rules of this Court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

13. **HEARINGS**

Hearings shall not be held on any motions filed except by order of the Court upon such notice as the Court may direct.

14. **INCORPORATION BY REFERENCE**

Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. When counsel for more than one party plans to file substantially identical papers, they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

15. **PREVIOUS ORDERS**

All orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court upon application.

16. **DISCOVERY STAYED**

All discovery proceedings in these actions are stayed until further order of this Court and the time requirements to perform any acts or file any papers pursuant to Rule 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as the Court enters a discovery scheduling order.

17. **MANUAL FOR COMPLEX LITIGATION, FOURTH**

The Court will be guided by the <u>Manual for Complex Litigation, 4th</u> approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

18. **DUTY TO CONFER**

In lieu of complying with the specific requirements of Local Civil Rule 16.3, counsel shall within 45 days of this Order meet, confer, and attempt to seek consensus regarding a proposed Scheduling Order and Case Management Plan that will facilitate the just, speedy, and inexpensive determination of all pretrial matters. Pursuant to Federal Rule of Civil Procedure 26(f), the parties must confer to "consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan[.]" FED. R. CIV. P. 26(f). The parties shall, within 15 days following their initial conference, file with the court a joint status report including a statement of the case that describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses. The parties joint status report shall also include the following:

a. Whether there is a realistic possibility of settling the case without judicial action;

b. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of ADR, such as referral to a magistrate judge for purposes of facilitating settlement discussions. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii) the point during the litigation when ADR would be most appropriate,

with special consideration given to:

  (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

  (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of the case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending;

c.  The possibility of filing a consolidated amended complaint and the timing thereof;

d.  Dates for the defendants to file responsive pleadings (consolidated or otherwise) and/or Rule 12 motions;

e.  Whether some or all of the factual or legal issues can be agreed upon or narrowed;

f.  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, if not, what if any changes should be made in the scope, form or timing of those disclosures;

g.  Whether discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation;

    h.    The anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions;

    i.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur;

    j.    Whether parties are likely to file dispositive motions and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies;

    k.    The attorney liaison designees; and

    k.    Such other matters that the parties believe may be appropriate for inclusion in the Scheduling Order and Case Management Plan.

19. **LIAISON COUNSEL**

Prior to submitting the joint status report, counsel for each group whose interests are similarly aligned shall designate liaison counsel, subject to the approval of the Court.[1] Liaison counsel shall be authorized to receive orders and notices from the Court on behalf

---

[1] By notice filed on January 22, 2007, the court learned of the plaintiffs' counsels' difficulties in establishing an agreeable leadership structure. Notice (Jan. 22, 2007). According to that notice, the attorneys could not reach a solution despite "conferring in good faith on several occasions." *Id.* at 1. Though the court is prepared to resolve disputes that arise between the parties in this litigation, the court is disinclined to resolve intra-party conflict. Therefore, plaintiffs' counsels' prior meetings notwithstanding, they will again meet and confer, and endeavor to resolve this intra-party dispute without judicial involvement. Toward that end, the court notes that counsel representing the plaintiffs in the case recently transferred to this MDL from the Southern District of New York may be able to bring a fresh perspective to this imbroglio.

of all parties within their liaison group and shall be responsible for the preparation and transmittal of copes of such orders and notices to the parties in their liaison group. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them or electronically filed in this MDL and shall make such files available to parties within their liaison group upon request.  Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within the liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

20.    **DUTY TO READ AND FOLLOW LOCAL RULES**

All counsel who desire to continue as counsel of record in any of these actions shall promptly familiarize themselves with the Local Rules of this Court.  Although counsel are free to recommend modifications specifically for this docket, the Court anticipates applying its Local Rules and the guidelines and procedures provided in its appendices to these proceedings.

**SO ORDERED**.

Signed:                                                                                         RICARDO M. URBINA
January 29, 2007                                                                      United States District Judge

Schedule A:

| Case Number | Case Name | Tranferor Court |
|---|---|---|
| 06cv483 | *Virginia Sloan et al. v. United States* | District of the District of Columbia |
| 07cv050 | *Oscar Gurrola et al. v. United States* | Central District of California |
| 07cv051 | *Neiland Cohen v. United States* | Eastern District of Wisconsin |
| 06cv11459 | *Anthony Belloni v. Verizon Commc'ns Inc.* | Southern District of New York |

Schedule B:

Schedule B will be filed electronically.