UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | : : : : : : : | Master File: Member Cases: 06-cv-483: 07-cv-050: 07-cv-051: 06-cv-11459: | 07-mc-0014 (RMU) *Sloan et al. v. United States* *Gurrola et al. v. United States* *Cohen v. United States* *Belloni v. Verizon Commc'ns* |
| This Document Relates To: **ALL CASES** | : : | MDL Docket No. **1798** | |

## PLAINTIFFS' MOTION TO LIFT THE STAY OF DISCOVERY

The plaintiffs in the above-entitled action, by their undersigned attorneys, hereby move the United States District Court for the District of Columbia, the Honorable Ricardo M. Urbina presiding, for an order pursuant to Rule 16(b)(8), Fed. R. Civ. Proc., lifting the stay of discovery provided for in the Practice and Procedure Order (Docket No. 8), and allowing discovery to proceed, subject to any limitations that may be imposed following the scheduling conference herein, or upon motion of any of the parties, or otherwise by the Court.

This motion is opposed. As indicated in paragraph 10 of the Joint Status Report submitted by the parties (Docket No. 20), the parties have conferred about the advisability of discovery pending disposition of the Government's motions to dismiss and, despite good faith efforts on both sides to arrive at agreement on that issue, are at impasse.

The grounds for this motion are set forth in the supporting brief submitted herewith.

DATED: April 11, 2007

                                            /s/
Jonathan W. Cuneo (DC Bar # 939389)
Robert Cynkar (DC Bar # 957845)
William H. Anderson (DC Bar # 502380)
Cuneo Gilbert & LaDuca LLP

                                507 C Street N.E.
Washington, D.C. 20002
(202) 789-3960
(202) 789-1813 facsimile
jonc@cuneolaw.com

DATED: April 11, 2007                       /s/
Michael A. Bowen
Attorney Bar Number: 1016965 (Wis.)
Zhu (Julie) Lee
Attorney Bar Number: 1032454 (Wis.)
Isaac J. Morris
Attorney Bar Number: 1053535 (Wis.)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee WI 53202-5306
(414) 271-2400

Michael D. Leffel (DC Bar # 464721)
FOLEY & LARDNER LLP
150 East Gilman Street
Madison WI 53703-1481
(608) 258-4258

<u>Direct Inquiries to:</u>
Michael A. Bowen
(414) 297-5538 direct
(414) 297-4900 facsimile
mbowen@foley.com

DATED: April 11, 2007                       /s/
Nicholas E. Chimicles (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
Chimicles & Tikellis LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford PA 19041
(610) 642-8500
(610) 649-3633 facsimile
nick@chimicles.com

DATED:  April 11, 2007                                    /s/
                                                   Henry D. Levine (DC Bar # 952770)
                                                   Stephen J. Rosen (DC Bar # 441942)
                                                   Levine Blaszak Block & Boothby LLP
                                                   2001 L Street NW, Suite 900
                                                   Washington D.C.  20036
                                                   (202) 857-2540
                                                   (202) 223-0833 facsimile
                                                   hlevine@lb3law.com

DATED:  April 11, 2007                                    /s/
                                                   R. Gaylord Smith
                                                   Lewis Brisbois Bisgaard & Smith
                                                   550 West C Street, Suite 800
                                                   San Diego CA  92101
                                                   (619) 699-4975
                                                   (619) 233-8627 facsimile
                                                   smith@lbbslaw.com

DATED:  April 11, 2007                                    /s/
                                                   Sydney A. Backstrom
                                                   Richard F. Scruggs
                                                   Scruggs Law Firm, PA
                                                   120A Courthouse Square
                                                   P.O. Box 1136
                                                   Oxford MS  38655
                                                   (662) 281-1212
                                                   (662) 281-1312 facsimile
                                                   sbackstrom@scruggsfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | : : : : : : : : : | Master File: 07-mc-0014 (RMU) Member Cases: 06-cv-483: 07-cv-050: 07-cv-051: 06-cv-11459: | *Sloan et al. v. United States* *Gurrola et al. v. United States* *Cohen v. United States* *Belloni v. Verizon Commc'ns* |
| This Document Relates To: **ALL CASES** | : : | MDL Docket No. **1798** | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
TO LIFT THE STAY OF DISCOVERY**

**BACKGROUND**

The Practice and Procedure Order ("PPO") entered by this Court on January 29, 2007 (Docket Entry No. 8) called on the Plaintiffs to agree upon a case management structure, and instructed all parties to meet and confer in order to produce a Joint Status Report for submission to the Court. (PPO, at ¶ 18)  It also included a provision staying discovery. (*Id*. at ¶ 16)  Pursuant to that order, the Plaintiffs have stipulated to a case management arrangement that the Court has approved ("CMO No. 2")[1], and the parties have met, conferred, and submitted a Joint Status Report ("Docket Entry No. 20").  As noted in that report, the parties have agreed that, with Rule 26(a) initial disclosures having been completed in the *Cohen* case prior to its transfer by the Judicial Panel on Multidistrict Litigation ("JPML"), such disclosures may be dispensed with in the other cases in the MDL-1798 proceedings.  (Joint Status Report at ¶ 9)

---

[1] The Court's approval of CMO No. 2 was without prejudice to any objection that might be brought by counsel representing the *Belloni* Plaintiffs following a ruling by the JPML on the objections to the conditional transfer of that case to the MDL-1798 proceedings.

The consolidated cases are thus now ready for the prompt litigation of pretrial issues, as contemplated by the JPML's transfer order. Having accomplished the preliminary tasks required by the PPO, Plaintiffs request that the stay on discovery be lifted in order to expedite and facilitate the resolution of the cases. Plaintiffs submit this brief in support of their motion.

**DISCUSSION**

I.  **NOW THAT THE COURT HAS APPROVED THE CASE MANAGEMENT ORGANIZATION SET FORTH IN CMO NO. 2, THERE IS NO FURTHER RATIONALE FOR STAYING DISCOVERY.**

The PPO's stay of discovery reflected the fact that it would defeat the purpose of the JPML's transfer order, at least in part, if the parties in each of the separate cases subject to that order had continued to pursue uncoordinated discovery efforts. If counsel in each of the transferred cases had proceeded independently with discovery, the Defendant could have been burdened with duplicative demands, which might have resulted in (for example) Defendant producing the same witnesses to answer the same questions at three different depositions conducted by three different sets of lawyers. The stay in the PPO prevented this duplication of effort and ensured that discovery would not proceed without appropriate coordination.

The danger of duplicative and uncoordinated discovery no longer exists. The case management structure agreed to by Plaintiffs' counsel, provided for in CMO No. 2, and approved by this Court, ensures that discovery will proceed in a unified and coordinated manner. The successful completion of the meet-and-confer process and submission of the Joint Status Report shows that the case management structure does not just exist on paper but is functioning effectively in the real world. The stay of discovery has served its purpose and should now be dissolved.

**II.     THE PENDENCY OF POTENTIALLY DISPOSITIVE MOTIONS DOES NOT JUSTIFY PIECEMEAL LITIGATION.**

Prior to transfer of the cases at bar, some discovery (including at least one deposition) had taken place. Indeed, the Government's motion to dismiss the refund claim in the *Cohen* case at least purported to be based on Mr. Cohen's Rule 26(a) disclosures. The Government nevertheless maintains that the stay of discovery should be continued until the Court has ruled on pending motions to dismiss addressed to all three of the consolidated cases. The Government reasons that if it runs the table on these motions and no claims survive, it can avoid the effort and expense of discovery responses. For at least three reasons, this position should be rejected.

> 1.   <u>Indefinite delay in normal litigation activity cannot be justified at this stage on the off-chance that the cases will go away</u>.

The oldest of the cases now consolidated before this Court has been pending for over sixteen (16) months. In addition to filing motions to dismiss, the Government has also answered some of the complaints on the merits. The motions to dismiss are fully briefed in all three cases. In the *Cohen* and *Sloan* cases, motions for class certification are fully briefed and ready for consideration. The linchpin substantive issues in each case are the legality of the challenged tax and the substantive and procedural infirmities in the process through which the money that the Government admits it has unlawfully taken is being partially, belatedly, and ineffectively returned.

It follows that, if discovery proceeds immediately, these cases can be ripe for completion of pretrial activity – which, as a practical matter, almost certainly means ultimate resolution – promptly upon disposition of the Government's dismissal motions. Plaintiffs have no interest in pursuing open-ended fishing expeditions. On the contrary, given the limited and

3

sharply defined character of the factual issues remaining, the additional discovery required should be focused, specific, and eminently manageable. Moreover, much of the data Plaintiffs will seek has probably already been assembled by the Government as part of its effort to assess the remedial process it has undertaken. If pursued with ordinary diligence, the relatively limited discovery still needed could well be completed by the time the Court decides the dismissal motions, or shortly thereafter. The questions of class certification and summary judgment could then be addressed and efficiently resolved.

Deferring discovery, by contrast, would automatically build a substantial and entirely unnecessary period of additional delay into the progress of these cases. The result would be piecemeal litigation at its least efficient, adding several months to pretrial activity simply because the lawyers relaxed while the Court was working on the pending motions. This would defeat the interests in promptness and efficiency, which are the underlying objectives of 28 U.S.C. § 1407 and the Federal Rules of Civil Procedure.

2. <u>The Government's own tactical decisions belie its position</u>.

The Government's own litigation strategy demonstrates that the Government itself does not expect an across-the-board victory on all pending dismissal motions. If the Government believed that it had even a fair chance of succeeding on all of its dismissal motions, it would have supported the transfer motion before the JPML instead of vigorously opposing it. Consolidated or coordinated proceedings, by definition, minimize the risk of inconsistent outcomes on the same issue.

Hence, if the Government truly believed that its jurisdictional defense was remotely as strong as it contends, it would have concluded that it had nothing to gain and much to lose from risking three (or more) separate adjudications on that defense. The Government

4

nevertheless embraced precisely that risk when it opposed the transfer motion. The only plausible explanation for doing so is the Government's recognition that the success of its defense was in fact so doubtful and uncertain that the more prudent tactical course was to keep the various Plaintiffs from combining their efforts – and then hope for the best.

The Government's tactical judgments, of course, are its own business. The point for present purposes is that if the Government itself did not believe its jurisdictional defense was strong enough to warrant risking its position on a single, definitive decision, that defense is certainly not strong enough to justify indefinitely delaying discovery and the further progress of this litigation.

3. *Discovery would be useful even if the Government ultimately prevailed*.

Finally, the discovery that Plaintiffs seek will have served a useful purpose even in the unlikely event that all pending claims are dismissed on the pleadings. Such discovery can confirm or refute the impression from widespread news reports that the refund scheme challenged in these actions is somewhere between a disappointment and a debacle, with substantial percentages of those filing returns failing to claim even the limited and inadequate partial refund that the Government is offering. More broadly, such discovery would bring to light the extent (if any) to which the refund program is working to the systematic disadvantage of various groups of taxpayers, such as small businesses, charitable and other non-profit organizations, the elderly, non-filers, and working class phone-users.

If the Government's motions to dismiss are denied in whole or in part, this information will prove invaluable in evaluating the merits of Plaintiffs' Administrative Procedure Act claims and in shaping a class remedy. Even if the motions are granted, however, the process of gathering and assembling the information will help the political branches of the

5

government – including Congress and the I.R.S. itself – to understand and evaluate the shortcomings of the program and to develop a fairer and more meaningful remedy.

The point is not that this happy by-product of factual inquiry by counsel would be either necessary or sufficient by itself to justify discovery. The pending claims are ample justification for discovery. The point, rather, is that because discovery will *not* amount to wasted effort even if those claims do not succeed, the risk of pointless work invoked by the Government is spurious, and is certainly not enough to overcome the strong presumption in favor of proceeding with discovery in civil actions where issue has been fully joined.

## **CONCLUSION**

For the reasons outlined above, Plaintiffs respectfully request that the stay of discovery in the PPO be dissolved.

DATED: April 11, 2007

        /s/
Jonathan W. Cuneo (DC Bar # 939389)
Robert Cynkar (DC Bar # 957845)
William H. Anderson (DC Bar # 502380)
Cuneo Gilbert & LaDuca LLP
507 C Street N.E.
Washington, D.C. 20002
(202) 789-3960
(202) 789-1813 facsimile
jonc@cuneolaw.com

DATED: April 11, 2007

        /s/
Michael A. Bowen
Attorney Bar Number: 1016965 (Wis.)
Zhu (Julie) Lee
Attorney Bar Number: 1032454 (Wis.)
Isaac J. Morris
Attorney Bar Number: 1053535 (Wis.)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee WI 53202-5306
(414) 271-2400

MILW_2280404.1

        Michael D. Leffel (DC Bar # 464721)
        FOLEY & LARDNER LLP
        150 East Gilman Street
        Madison WI  53703-1481
        (608) 258-4258

        <u>Direct Inquiries to:</u>
        Michael A. Bowen
        (414) 297-5538 direct
        (414) 297-4900 facsimile
        mbowen@foley.com

DATED:  April 11, 2007        /s/
        Nicholas E. Chimicles (*pro hac vice*)
        Benjamin F. Johns (*pro hac vice*)
        Chimicles & Tikellis LLP
        One Haverford Centre
        361 West Lancaster Avenue
        Haverford PA  19041
        (610) 642-8500
        (610) 649-3633 facsimile
        nick@chimicles.com

DATED:  April 11, 2007        /s/
        Henry D. Levine (DC Bar # 952770)
        Stephen J. Rosen (DC Bar # 441942)
        Levine Blaszak Block & Boothby LLP
        2001 L Street NW, Suite 900
        Washington D.C.  20036
        (202) 857-2540
        (202) 223-0833 facsimile
        hlevine@lb3law.com

DATED:  April 11, 2007        /s/
        R. Gaylord Smith
        Lewis Brisbois Bisgaard & Smith
        550 West C Street, Suite 800
        San Diego CA  92101
        (619) 699-4975
        (619) 233-8627 facsimile
        smith@lbbslaw.com

DATED:  April 11, 2007                              /s/                        
Sydney A. Backstrom  
Richard F. Scruggs  
Scruggs Law Firm, PA  
120A Courthouse Square  
P.O. Box 1136  
Oxford MS  38655  
(662) 281-1212  
(662) 281-1312 facsimile  
sbackstrom@scruggsfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | : : : | Master File: | 07-mc-0014 (RMU) |
| | : | Member Cases: | |
| | : | 06-cv-483: | *Sloan et al. v. United States* |
| | : | 07-cv-050: | *Gurrola et al. v. United States* |
| | : | 07-cv-051: | *Cohen v. United States* |
| | : | 06-cv-11459: | *Belloni v. Verizon Commc'ns* |
| This Document Relates To: **ALL CASES** | : : | MDL Docket No. **1798** | |

## ORDER

Upon the motion of the plaintiffs, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED**, pursuant to Rule 16(b)(8), Fed. R. Civ. Proc., as follows:

(1) The stay of discovery in the Court's Practice and Procedure Order is hereby lifted; and

(2) This Order is without prejudice to any limitations that may be placed upon discovery as a result of any scheduling conference held in this matter, or upon the motion of any party, or otherwise by order of this Court.

Dated this _____ day of _____, 2007.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
Ricardo M. Urbina
District Court Judge

MILW_2282943.1